UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. MEADOR, | ) | |
| Movant, | ) ) ) | |
| v. | ) | No. 1:16-CV-164-CDP |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] filed by Michael Meador. In the instant motion, movant claims that the Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015), should be applied to his case in order to reduce his sentence.

A jury convicted Meador on three counts related to a conspiracy to distribute marijuana and the murder of Sergio Burgos. Case No. 1:06CR134CDP. Meador was sentenced to life imprisonment, and his conviction and sentence were affirmed on consolidated appeal. *United States v. Dinwiddie, 618 F.3d 821* (8th Cir. 2010). His petition for certiorari was denied by the United States Supreme Court. *Meador v. United States*, 131 S. Ct. 1547 (2011).

Meador previously filed a § 2255 motion that was denied on the merits. *See Meador v. United States*, No. 1:12-CV-36-CDP (E.D. Mo.). The Court of Appeals denied his request for a certificate of appealability and dismissed his initial appeal. Case No. 15-2297 (8th Cir. Dec. 2, 2015). It dismissed a second appeal for lack of jurisdiction. Case No. 16-1160 (8th Cir. Jan. 28, 2016).

Because Meador filed a previous motion under § 2255, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255, but it has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted). As such, the instant action will be dismissed without prejudice to refiling if, and when, movant obtains permission from the Eighth Circuit to do so.

When a second or successive habeas petition is filed in a District Court without authorization from the Court of Appeals, the Court should dismiss it, or, in its discretion, transfer the motion to the appellate court so long as it is in the interests of justice. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002). In this case the Court finds dismissal, rather than transfer, is in the

interests of justice. Meador was not charged as an Armed Career Criminal, and his sentence was based on the sentencing guidelines for murder. It does not appear that *Johnson* has any relevance to his case.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, without prejudice, because movant Michael Meador has not obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

A separate Order of Dismissal shall accompany this Memorandum and Order.


Dated this 23rd day of August, 2016.

                                                  UNITED STATES DISTRICT JUDGE